Thomas L. Tisdale
Tisdale Law Offices, LLC
24 West 40th Street, 17th Floor
New York, NY 10018
Tel: (212) 354-0025
Fax: (212) 869-0067

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
Tesoro Inc., a California corporation,             :
                                                   :
            Plaintiff,                             :
                                                   :
    vs.                                            :
                                                   :       08-cv-11042-RMB
                                                   :       ECF CASE
Formosa Container Line, Inc., a California         :
corporation, and Does 1 through 10,                :
inclusive,                                         :
                                                   :
            Defendant.                             :
                                                   :       **THIRD-PARTY DEFENDANTS**
                                                   :       **PACIFIC INTERNATIONAL**
------------------------------------------------------     **LINES (PTE) LTD. AND WAN**
Formosa Container Line, Inc., a California         :       **HAI LINES LTD.'S ANSWER**
corporation,                                       :       **TO TESORO INC.'S**
            Third-Party Plaintiff,                 :       **COMPLAINT DATED**
                                                   :       <u>**MARCH 28, 2008**</u>
    vs.                                            :
                                                   :
Pacific International Lines (PTE) Ltd., a          :
foreign corporation and Wan Hai Lines              :
Ltd., a foreign corporation,                       :
                                                   :
            Third-Party Defendants.                :
------------------------------------------------------X

Third-Party Defendants Pacific International Lines (PTE) Ltd. ("Pacific") and Wan Hai

Lines Ltd. ("Wan Hai")( collectively "Third-Party Defendants"), by and through their attorneys,

Tisdale Law Offices, LLC, as and for their Answer to the Complaint dated March 28, 2008,

hereby state as follows:

1

## JURISDICTION AND VENUE

1. Admit the allegations contained in paragraph 1 of the Complaint.

2. Admit that this Court has personal jurisdiction over the Defendants and venue in this district is proper but, except as so admitted, deny the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. No response is necessary to this allegation as it does not pertain to the answering Defendants.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

## COUNT I

### (MISDELIVERY/BREACH OF BAILMENT CONTRACT)

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Admits that in this contract of carriage/bailment, Formosa Container Line, Inc. ("Formosa") acted as an NVOCC. That term is defined by the Federal Maritime Commission at

46a U.S.C. § 1702(17) and 46 C.F.R. § 515.2 to mean "... a common carrier that does not operate the vessels by which the ocean transportation is provided...". Therefore, in order to transport the container from Hong Kong to Long Beach, Formosa contracted with Pacific to physically transport the container via ocean to the United States. Pacific issued its bill of lading PABV00000308 but, except as so admitted, deny the remainder of the allegations contained in paragraph 10 of the Complaint.

11. Admit that the Pacific bill of lading reflects the container moved on a "CY/CY" basis and read, "CONTAINER SAID TO CONTAIN," but, except as so admitted deny the remainder of the allegations contained in paragraph 11 of the Complaint.

12. Admit that Pacific's bill of lading states the seal number as PILG571097, but, except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 12 of the Complaint.

13. Admit that the shipment arrived in Long Beach, California on or about April 11, 2007. It was thereafter cleared through the usual import formalities and delivered but, except as so admitted deny the remainder of the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

## COUNT 2

### (CONVERSION)

18. The Defendants reaffirm and reallege each and every allegation set forth in paragraphs 1 through 18 as if fully set forth herein and further state:

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint fails to state a cause of action against the Third-Party Defendants for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff is not a real party-in-interest.

### THIRD AFFIRMATIVE DEFENSE

25. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

## FOURTH AFFIRMATIVE DEFENSE

26. The United States Carriage of Goods by Sea Act provides among other things, as follows:

> "(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-
> ******
>
> (b) Fire, unless caused by the actual fault or privity of the carrier;
>
> (c) Perils, dangers and accidents of sea or other navigable waters;
>
> (d) Act of God;
>
> (i) Act of omission of the shipper or owner of the goods, his agent or representative;
>
> (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;
>
> (n) Insufficiency of packing;
>
> (p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.
>
> (q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

## FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff's claim is time-barred under the governing statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

28. In the event that any liability is adjudged against these answering Defendants, then the liability of these Defendants is restricted and limited to U.S. $500 per package, or in the case of goods not shipped in package, per customary freight unit, in accordance with the provisions of COGSA.

## SEVENTH AFFIRMATIVE DEFENSE

29. Any loss or damage to Plaintiff's cargo, which is denied, was caused and/or contributed to by the Plaintiff, its subrogor, agent(s) or representative(s) or other third parties for whom the Defendants are not responsible, and Plaintiff's claim is therefore barred, or, in the alternative, should be reduced in accordance with its proportionate fault.

WHEREFORE, the Defendants pray that the Complaint be dismissed as against them and that Defendants be granted such other and further relief as to this Court appears just and proper.

Dated: New York, NY
February 9, 2009

PACIFIC INTERNATIONAL LINES (PTE) LTD.
and WAN HAI LINES LTD.

By: *[signature]*
Thomas L. Tisdale (TT 5263)
Lauren C. Davies (LD 1980)
TISDALE LAW OFFICES, LLC
24 West 40th Street, 17th Floor
New York, NY 10018
Tel.: 212.354.0025
Fax: 212.869.0067
ttisdale@tisdale-law.com
ldavies@tisdale-law.com

## AFFIRMATION OF SERVICE

I hereby certify that on February 9, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Thomas L. Tisdale*
Thomas L. Tisdale