Thomas L. Tisdale
Tisdale Law Offices, LLC
24 West 40th Street, 17th Floor
New York, NY 10018
Tel: (212) 354-0025
Fax: (212) 869-0067

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| Tesoro Inc., a California corporation, : | |
| Plaintiff, : | |
| vs. : | 08-cv-11042-RMB |
| Formosa Container Line, Inc., a California : corporation, and Does 1 through 10, : inclusive, : | ECF CASE |
| Defendant. : | |
| ---------------------------------------------- | **THIRD-PARTY DEFENDANTS PACIFIC INTERNATIONAL LINES (PTE) LTD. AND WAN HAI LINES LTD.'S ANSWER TO FORMOSA CONTAINER LINE INC.'S THIRD-PARTY COMPLAINT DATED APRIL 4, 2008** |
| Formosa Container Line, Inc., a California : corporation, : Third-Party Plaintiff, : vs. : Pacific International Lines (PTE) Ltd., a : foreign corporation and Wan Hai Lines : Ltd., a foreign corporation, : Third-Party Defendants. : | |

------------------------------------------------------X

Third-Party Defendants Pacific International Lines (PTE) Ltd. ("Pacific") and Wan Hai Lines Ltd. ("Wan Hai")( collectively "Third-Party Defendants"), by and through their attorneys, Tisdale Law Offices, LLC, as and for their Answer to the Third-Party Complaint dated April 4, 2008, hereby state as follows:

1

## JURISDICTION

1. Admit the allegations contained in paragraph 1 of the Third-Party Complaint.

## THE UNDERLYING ACTION

2. Admit the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Admit the allegations contained in paragraph 3 of the Third-Party Complaint.

## THIRD-PARTY DEFENDANTS

4. Admit the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Deny the allegations contained in paragraph 5 of the Third-Party Complaint.

## FIRST CLAIM – DEMAND FOR JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 14 (c)

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint.

7. Admit that Pacific agreed to carry one container for the account of Formosa Container Line, Inc. ("Formosa") but, except as admitted, deny the remainder of the allegations contained in paragraph 7 of the Third-Party Complaint.

8. Admit the allegations contained in paragraph 8 of the Third-Party Complaint.

9. Admit that Pacific acted as a vessel operating common carrier and did itself and/or through its agents and/or contractors physically transport the subject container from Hong Kong to Long Beach but, except as so admitted, deny the remainder of the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Admit the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Admit that Wan Hai is the owner of the WAN HAI 306 but, except as so admitted, deny the remainder of the allegations contained in paragraph 11 of the Third-Party Complaint.

12. Admit the allegations contained in paragraph 12 of the Third-Party Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint.

14. Defendants admit that Tesoro, Inc. ("Tesoro") has alleged that Formosa is liable to it for the loss of the contents of the container, in the presently estimated principal amount of $415,000, in addition to exemplary damages in the amount of $1,000,000.00, but Third-Party Defendants deny the allegations themselves.

15. Deny the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Deny the allegations contained in paragraph 16 of the Third-Party Complaint.

## SECOND CLAIM – INDEMNITY

17. The Defendants reaffirm and reallege each and every allegation set forth in paragraphs 1 through 17 as if fully set forth herein and further state:

18. Deny the allegations contained in paragraph 18 of the Third-Party Complaint.

## THIRD CLAIM – CONTRIBUTION

19. The Defendants reaffirm and reallege each and every allegation set forth in paragraphs 1 through 19 as if fully set forth herein and further state:

16. [sic] Deny the allegations contained in paragraph 16 [sic] of the Third-Party Complaint.

3

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

21. Third-Party Plaintiff's Third-Party Complaint fails to state a cause of action against the Third-Party Defendants for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

22. Third-Party Plaintiff is not a real party-in-interest.

## THIRD AFFIRMATIVE DEFENSE

23. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

## FOURTH AFFIRMATIVE DEFENSE

24. The United States Carriage of Goods by Sea Act provides, among other things, as follows:

> "(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-
> ******
> (b) Fire, unless caused by the actual fault or privity of the carrier;
>
> (c) Perils, dangers and accidents of sea or other navigable waters;
>
> (d) Act of God;

- (i) Act of omission of the shipper or owner of the goods, his agent or representative;

- (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

- (n) Insufficiency of packing;

- (p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.

- (q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

## FIFTH AFFIRMATIVE DEFENSE

25. Third-Party Plaintiff's claim is time-barred under the governing statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

26. In the event that any liability is adjudged against these answering Defendants, then the liability of these Defendants is restricted and limited to U.S. $500 per package, or in the case of goods not shipped in package, per customary freight unit, in accordance with the provisions of COGSA.

## SEVENTH AFFIRMATIVE DEFENSE

27. Third-Party Plaintiff has failed to mitigate its damages.

WHEREFORE, the Third-Party Defendants pray that the Third-Party Complaint be dismissed as against them and that Third-Party Defendants be granted such other and further relief as to this Court appears just and proper.

Dated: New York, NY
February 9, 2009

PACIFIC INTERNATIONAL LINES (PTE) LTD.
and WAN HAI LINES LTD.

By: *[signature]*
Thomas L. Tisdale (TT 5263)
Lauren C. Davies (LD 1980)
TISDALE LAW OFFICES, LLC
24 West 40th Street, 17th Floor
New York, NY 10018
Tel.: 212.354.0025
Fax: 212.869.0067
ttisdale@tisdale-law.com
ldavies@tisdale-law.com

## AFFIRMATION OF SERVICE

I hereby certify that on February 9, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Thomas L. Tisdale